## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JUAN HERNANDEZ,

      Plaintiff,

      v.                                                    Civil No. 08-1164 WJ/DJS

SHAUN DONOVAN, Secretary,
Department of Housing & Urban Development, et al.,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**
## **DISMISSING CASE FOR LACK OF JURISDICTION**

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed October 28, 2009 **(Doc. 21)**, and Plaintiff's Motion for Leave to file First Amended Complaint, filed December 1, 2009 **(Doc. 32)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion to dismiss is well-taken and will be granted, and that Plaintiff's motion to amend is denied as moot.[1]

### Background

Plaintiff was a Senior Project Manager in at the U.S. Department of Housing and Urban Development ("HUD"). Both parties entered into a settlement agreement ("Agreement") in July 2004. Plaintiff later claimed that HUD breached the Agreement, and appealed from a final agency decision which found that the agency was in compliance with the terms of the

---

[1] The Court previously denied Plaintiff's Motion for an Extension of Time to file a complaint, in which the Court clarified that the Joint Status Report sets out a time frame within which parties may seek leave of the Court to amend pleadings, rather than a grant of consent by either the Court or the parties for a party to file an amended complaint. Doc. 30 at 2.

Agreement.  Doc. 32-2 at 27, Ex. B at 6.[2]  Plaintiff contends that he received a determination from the Equal Employment Opportunity Commission ("EEOC" or "Commission") and a right to sue letter on September 24, 2008.  Compl., ¶ 14; draft Am. Compl., ¶ 11.[3]  It appears that Plaintiff did not seek reconsideration of this determination, but proceeded to file a civil suit against Defendant in federal court on December 18, 2008.  In the original complaint consisting of a single count, Mr. Hernandez contends that HUD materially breached the terms of the settlement agreement by not paying Mr. Hernandez the actual amounts he was owed under the agreement.  The original complaint is brought under the Americans with Disabilities Act of 1990 ("ADA"), § 2 et seq., §42 U.S.C.A.  12101.

The draft amended complaint apparently abandons the breach of agreement claim. Instead, Plaintiff seeks to sue on the underlying discrimination that formed the basis of the settlement agreement which Defendant allegedly breached, and alleges discrimination, retaliation, harassment, and constructive discharge (Counts I to IV, respectively), based on the ADA and the Rehabilitation Act, 29 U.S.C. § 701 et seq.

## Discussion

Defendant seeks to dismiss Plaintiff's original complaint[4] on jurisdictional grounds.  In addition, Defendant opposes Plaintiff's motion to amend because the amendments do not relate

---

[2]  The exhibits pertaining to Plaintiff's appeal and EEOC decision are attached as exhibits to Defendant's brief.  Plaintiff refers to these documents in arguing that he sought reinstatement of his original complaint.  *See* Doc. 29 at 5.

[3]  Under 29 C.F.R. § 1614.407, a plaintiff has 90 days from EEOC's final decision on appeal in which to file a civil action in federal court.

[4]  Reference to Plaintiff's "complaint" is the initial complaint, since the Court has not yet granted Plaintiff's motion to file the amended complaint.

back to the original pleading under Rule 15(c)(1)(B).

**I.       Defendant's Motion to Dismiss**

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). Defendant argues two jurisdictional grounds on which Plaintiff's complaint should be dismissed: (1) Plaintiff's claim may not proceed under the ADA in federal court and (2) Plaintiff cannot sue for an alleged breach of settlement agreement in federal court; nor can Plaintiff sue on the underlying discrimination claims.

A.       Jurisdiction Over ADA Claims

The original complaint asserts a claim brought under ADA, which exempts the United States from suit. 42 U.S.C. § 12111(5)(B)(I). A lawsuit brought against HUD is tantamount to a lawsuit against the United States. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994) (action against a federal agency or federal officers in their official capacities is essentially a suit against the United States and are barred under the doctrine of sovereign immunity, unless such immunity is waived); *see also Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *Whaley v. U.S.*, 82 F.Supp.2d 1060, 1061 (D.Neb., 2000) (dismissing claim against federal defendant based on immunity from suit).

Plaintiff concedes this jurisdictional defect in the original complaint. The draft amended complaint resolves the issue by basing the claims on the Rehabilitation Act.[5] Thus, this particular jurisdictional issue would be resolved if Plaintiff were allowed to amend his

---

[5] For some reason, the draft amended complaint also bases claims on the ADA, which is legally incorrect. Plaintiff appears to recognize that the Rehabilitation Act should govern his claims. *See* Joint Status Rep't, Doc. 14 at 2. However, based on the Court's ultimate findings herein, the matter is moot.

complaint.

B.     Whether There is Jurisdiction Over Claims in Original Complaint

Defendant asserts that there is no federal jurisdiction over Plaintiff's claim to enforce the settlement agreement. 29 C.F.R. § 1614.504 describes the procedure for challenging an agency's failure to comply with a settlement agreement which was entered into to resolve claims of discrimination or harassment.[6] Any alleged breach of such agreements or settlements is necessarily subject to the requirements of the provision, which states:

> (a) . . . If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

Defendant argues that this provision bars Plaintiff from suing in federal court to enforce the Agreement, relying on the Tenth Circuit's decision in *Lindstrom v. U.S.*, 510 F.3d 1191 (10th Cir. 2007). In that case, the Tenth Circuit affirmed the district court's dismissal of plaintiff's action to enforce a settlement agreement with his federal agency employer on his Title VII disability discrimination claim. *Lindstrom* based its holding on the specific administrative procedure in § 1614.504(a), which an employee had to follow if he believed that the agency breached a settlement agreement. The court held that the regulation permitted an employee to appeal to the Commission for breach of an agreement, but it did not permit the employee to sue to enforce the settlement. The *Lindstrom* court noted that plaintiff followed the procedure

---

[6] Title VII regulations which set conditions on the federal government's waiver of sovereign immunity are equally applicable to the ADA and the Rehabilitation Act. *See Lindstrom v. U.S.*, 510 F.3d 1191 (10th Cir. 2007).

outlined in § 1614.504(a) in that he notified the EEO Director of the alleged breach and requested specific enforcement, but did not request that his complaint be reinstated. Thus, the plaintiff was precluded from suing to enforce the settlement agreement, and could not sue on underlying claim because he did not request such relief. Thus, Defendant here is correct that this Court has no jurisdiction over Plaintiff's original complaint based on breach of the Agreement or on an action to enforce the settlement. The next question is whether Plaintiff's draft amended complaint would resolve this jurisdictional defect as well.

C.  Whether There is Jurisdiction over Claims in Draft Amended Complaint

Defendant also argues that this Court lacks jurisdiction over the claims in Plaintiff's draft amended complaint. Plaintiff contends that *Lindstrom* does not preclude him from bringing the claims asserted in his draft amended complaint into federal court. He attempts to distinguish *Lindstrom* from his case on two grounds. First, Plaintiff contends that, unlike the plaintiff in *Lindstrom*, he followed the process given in § 1614.504(a) by seeking reinstatement. Second, Plaintiff claims that he is not seeking to enforce the settlement agreement, but rather he seeks to sue on the underlying discrimination. However, these contentions bear scrutiny, and the Court agrees with Defendant that is seems as though the Commission's resolution did not please Plaintiff, and he is now seeking to backtrack his relief and "have it both ways."

The Commission essentially denied Plaintiff's appeal, finding that HUD did not breach the Agreement. Doc. 32-2 at 27. At the same time, the Commission modified the agency's final decision by ordering HUD to re-characterize the payment made to Plaintiff under the Agreement as "compensatory damages for personal injury" rather than "salary" or "interest." Doc. 32-2 at

27.[7]  The Commission characterized its findings as a "decision requiring the agency to continue its administrative processing of [Plaintiff's] complaint."  doc. 32-2 at 28.  It allowed the Plaintiff to seeks reconsideration (which Plaintiff did not do), or in the alternative to file a civil action in an appropriate United States District Court – either within 90 calendar days from the date Plaintiff received the decision or 180 days of the date Plaintiff filed the complaint with the agency or appealed to the Commission.  Doc. 32-2 at 28.

     Plaintiff misconstrues the "right to file a civil action" language nestled within the appeal decision as a basis for federal jurisdiction – which it is not. The right to sue afforded by the EEOC appeal decision does not mean a particular claim is exhausted for purposes of federal jurisdiction.[8]  *See, e.g.*, *Alcivar v. Wynne*, 268 Fed.Appx. 749 (10th Cir. 2008) (where plaintiff elected to enforce the terms of the settlement agreement rather than requesting that her underlying complaint be reinstated, right to sue letter related only to the breach of the agreement, and not to the underlying discrimination claim).

     In other words, while 29 C.F.R. § 1614.504  precludes actions based on breach of a settlement agreement, a plaintiff must still exhaust any claim based on the underlying discrimination before filing suit in federal court on that claim.  *See Lindstrom v. U.S.*, 510 F.3d at 1194 (§ 1614 "does not authorize a suit to enforce the settlement agreement but rather only the

---

   [7]  In the original complaint, Plaintiff also requested that HUD re-characterize the payment made to him uner the Agreement as "compensatory damages for personal injury" rather than "salary" or "interest." Doc. 1 at 10.

   [8]  Failure to follow the procedures set forth in 29 C.F.R. § 1614.504(a) is considered a failure to exhaust.  *See Lindstrom v. U.S.*, 510 F.3d 1191, 1194 (10th Cir. 2007) (district court did not have jurisdiction over claim where plaintiff did not follow the proper EEOC-prescribed procedure for claiming breach of that agreement); *Alcivar v. Wynne*, 268 Fed.Appx. 749, 754, 2008 WL 647504, 4 (10th Cir. 2008) (clarifying that argument based on § 1614.504 is "substantively" an argument based on exhaustion).

reinstatement of the original discrimination complaint"). Plaintiff argues that he has done so because he "specifically sought reinstatement." Doc. 29 at 5.[9]  However, Plaintiff did not request reinstatement as "specifically" as he contends.

Plaintiff's appeal brief requested that the Commission:

(1) review and interpret the settlement agreement . . . as it is written; (2) order HUD to immediately and completely implement the Settlement; and (3) award him his expenses and costs. . . If the Commission cannot determine the meaning of the Settlement terms, Mr. Hernandez requests that the Commission reinstate his Complaint and re-set it for formal hearing" (emphasis supplied).

Doc. 32-2 at 11.  Clearly, Plaintiff sought reinstatement of the complaint only in the event that the Commission could not determine the meaning of the terms of the Agreement.  Further, the thrust of the appeal was to "enforce the settlement agreement as written. . . ." Doc. 32-2 at 20.

Section 1614.504 has been construed to give a plaintiff a choice, not a windfall.  By its plain language, the provision presents a choice whereby a plaintiff can seek reinstatement of the complaint as an *alternative* to enforcement of the agreement ("The complainant may request that the terms of settlement agreement be specifically implemented or, **alternatively**, that the complaint be reinstated for further processing. . . .") (emphasis added).  Case law has interpreted the provision to provide a choice between two options, rather than a checklist of options.[10]

---

[9] *Cmp Hinderman v. Peters*, unpubl. opin., 2001 WL 985556(10th Cir.2001).  In this case, the plaintiff (a federal employee) relied in part on a final agency decision that the settlement agreement had not been breached as the basis for filing her complaint in federal court. The Commission denied plaintiff's claim that the air force base had breached a settlement agreement between the parties.  The Tenth Circuit agreed with the district court that plaintiff was required to separately exhaust a claim of discriminatory termination which followed the Commission's decision.

[10] While these cases are unpublished decisions, they are consistent with the reasoning and holding in *Lindstrom*, which is a published Tenth Circuit decision: *See Alcivar v. Wynne*, unpubl. opin., 2008 WL 647504, 4 (10th Cir. 2008) (A plaintiff may not simultaneously sue to enforce the NSA and seek to recover on the underlying claims of discrimination and retaliation);

In *Lindstrom*, the Tenth Circuit relied on the reasoning used by the Fourth Circuit in *Frahm v. United States*, 492 F.3d 258 (4th Cir. 2007). In *Frahm*, the plaintiff, a former employee of the Internal Revenue Service ("IRS") brought suit to enforce a settlement agreement she reached with the IRS pursuant to Title VII while she was employed. *Id*. at 260. The court held that "[b]ecause neither the settlement agreement nor a statute allow [plaintiff] to sue the government for breach of the settlement agreement, her action was properly dismissed." *Id*. at 262. Additionally, the court held that plaintiff could not sue because she had not followed the explicit requirements of 29 C.F.R. § 1614.504(a). *Id*. at 262-63. The Fourth Circuit concluded that 29 C.F.R. 1614.504(a) "only permits a federal employee-complainant to elect **between** only two options" --specific performance **or** reinstatement of the complaint-and that no other options are available. *Id.* at 263 ("With the use of the word 'alternatively,' the regulation sets out the only alternatives that may be chosen"). In the instant case, Plaintiff requested implementation of the Agreement. He requested a reinstatement of his complaint only as an alternative – one which the Commission did not entertain. Thus, the underlying discrimination claims were not exhausted under the requirements of § 1614.504.

The party invoking federal jurisdiction bears the burden of establishing its existence.

---

*Kirby v. Dole*, 736 F.2d 661, 664 (11th Cir.1984) (plaintiff asserting that agency has breached settlement agreement "has two options": suit for breach of the settlement agreement or de novo review of her underlying discrimination claims); *Logan v. Principi*, unpubl. opin., 2003 WL 294435, 2 (10th Cir. 2003) (affirming dismissal of plaintiff's complaint alleging breach of settlement agreement reached between plaintiff and Department of Veterans Affairs, noting that plaintiff was offered "two choices: appeal [the agency's decision] and seek reinstatement of the original discrimination complaint **or** accept the terms of the new agreement as governing the parties' continuing obligations" (emphasis added); *Palmer v. Salazar*, unpubl. opin., 2009 WL 1144032, 3 (10th Cir. 2009) (describing § 1614.504 as "[allowing] a federal employee alleging a breach of a Title VII settlement agreement to notify the EEO Director of a demand of **either** (1) specific performance of the agreement or (2) reinstatement of his original complaint for further processing. . . .") (emphasis added).

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 82, 104 (1998)).  Plaintiff has not done so here, either with regard to the original complaint, or the draft amended complaint.  *See, e.g., Palmer v. Salazar*, 324 Fed.Appx. 729, 735, 2009 WL 1144032, * 3 (10th Cir. 2009) (concluding that the regulations do not address whether federal-sector employees may bring suits in federal district court on Title VII and ADA settlement agreements under the circumstances presented at bar, where plaintiff sought to rescind settlement agreement on basis of incompetency to enter into agreement, and thus plaintiff had not shown that federal jurisdiction existed).

   Accordingly, this Court does not have jurisdiction over Plaintiff's original complaint alleging breach of the Agreement, nor over the claims stated in the draft amended complaint based on the underlying discrimination.  Defendant is entitled to dismissal of both Plaintiff's complaints on these grounds.

**II.**	**Plaintiff's Motion to Amend**

   Defendant opposes Plaintiff's motion to amend, arguing that the draft amended complaint does not resolve the jurisdictional defect.  Defendant further argues that even if the Court determines that the draft amended complaint comes within the Court's jurisdiction, the amendments do not relate back under Rule 15(c)(1)(B), and thus the amended complaint would be untimely.

   The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court.  *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part.  *Castleglen, Inc., et al. v. R.T.C.*, 984 F.23 1571 (10th Cir. 1993).

Subject to certain restrictions, Fed.R.Civ.P. 15 allows a party to amend or supplement a pleading. Rule 15(c)(1)(B) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when. . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Essentially three elements must be met before Rule 15(c) relation back will be allowed, even when the result could be extinguishment of the claim: (1) same transaction or occurrence; (2) the new party had notice of the action, prior to the expiration of the statute of limitations; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1390 (10th Cir. 1984).

Based on my findings above, the question of whether the draft amended complaint relates back is moot, in light of my findings that this Court has no jurisdiction over the claims presented in either the original complaint or Plaintiff's draft amended complaint.[11]

---

[11] Whether the draft amended complaint "relates back" is critical in this instance because of the time frame allowed for filing civil actions following appeals from EEOC decisions. *See* 29 C.F.R. § 1614.407.

If the Court had addressed Plaintiff's motion to amend before Defendant's motion to dismiss, the Court would have determined that Plaintiff's underlying discrimination claims in the draft amended complaint do not relate back to the breach of Agreement claim in the original complaint. The inquiry is less broad than Plaintiff understands it to be. It is not enough that both sets of claims are related to the issue of Plaintiff's discrimination. Rather, the question is whether there is a common "core of operative facts" uniting the original and newly asserted claims. *See Mayle v. Felix*, 545 U.S. 644, 658 (2005). Thus, the claims are measured by the facts pleaded; here, Plaintiff's allegations of breach did not arise from the same conduct that spawned the discrimination claims in the first place. *See Brown v. U.S.*, 271 F.Supp.2d 225 (D.D.C.,2003) (federal employee's amended complaint alleging breach of settlement agreement did not relate back to her timely filed original complaint alleging race discrimination and lost promotion opportunity for purposes of the federal rule allowing an amended pleading to relate back to the date of the original pleading when the claims arose out of the same conduct; the two matters did not deal with the same nucleus of facts, time periods, or legal theories).

## Conclusions

I find and conclude that Defendant's motion to dismiss is granted on the basis that this Court lacks jurisdiction over the claim in the original complaint.  While Plaintiff exhausted this claim under 29 C.F.R. § 1614.504, Plaintiff cannot sue to enforce the Agreement in federal court.  Plaintiff has not shown the existence of federal jurisdiction over claims presented in the draft amended complaint, as Plaintiff has not requested or received reinstatement of his underlying complaint from the Commission in order to proceed further on that basis.  Thus, Defendant's motion to dismiss is granted.

I also find and conclude that Plaintiff's motion to amend will be denied as moot, in light of the Court's findings regarding a lack of jurisdiction of Plaintiff's complaint, and the Court's finding that Plaintiff has not exhausted the claims in the draft amended complaint under 29 C.F.R. § 1614.504.

Had the Court's initial inquiry addressed the motion to amend, the Court would have determined that the claims in the draft amended complaint do not relate back to the claims presented in the original complaint under Rule 15(c)(1)(B).

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss **(Doc. 21)** is hereby GRANTED for reasons described above;

---

Also, courts have denied relation back when the amended claims are based on actions of the employer that are substantially different in kind or time.  *See Marsh v. Coleman Co., Inc.*, 774 F.Supp. 608, 613 (D.Kan.,1991).  In this case, the facts giving rise to Plaintiff's breach of settlement claim occurred after July 2004.  However, the time span for the underlying discrimination relates primarily to conduct and actions which necessarily took place before July 2004.  Therefore, the Court would have concluded that Plaintiff's claims in the draft amended do not arise out of same conduct, transaction, or occurrence, and do not relate back to the original pleading.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to file First Amended Complaint **(Doc. 32)** is hereby DENIED as MOOT for reasons described above.

A Judgment will be entered contemporaneously with this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE